869 F.2d 1492
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RAILWAY LABOR EXECUTIVES' ASSOCIATION, BROTHERHOOD OF
LOCOMOTIVE ENGINEERS and the United Transportation
Union, Petitioners,
v.
INTERSTATE COMMERCE COMMISSION and the United States of
America, Respondents,
and
Midsouth Corporation, Intervenor.
 No. 88-3311.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioners Railway Labor Executives' Association, Brotherhood of Locomotive Engineers, and the United Transportation Union seek review of a decision of the Interstate Commerce Commission. We affirm the decision of the Commission.
 
 
 2
 MidSouth Corporation is a non-carrier holding company that controls two rail carriers, MidSouth Rail Corporation and MidLouisiana Rail Corporation, which operate in Louisiana and Mississippi. MidSouth created another subsidiary, the Southeastern Rail Corporation, to acquire certain assets of the Gulf & Mississippi Railroad Corporation, principally 732 miles of railroad in Mississippi, Alabama and Tennessee.
 
 
 3
 On December 3, 1987, MidSouth filed a petition seeking an exemption under 49 U.S.C. Sec. 10505 from the requirements of 49 U.S.C. Sec. 11343 to "continue in control" of its new subsidiary, Southeastern Rail. On February 1, 1988, the Interstate Commerce Commission granted MidSouth's petition to exempt from regulation its control of Southeastern. Because Sec. 11347 makes employee protection mandatory for transactions subject to Sec. 11343, whether exempted or not, the Commission accordingly imposed labor protective conditions to protect the employees of Southeastern Rail, MidSouth Rail and MidLouisiana Rail. See Finance Docket No. 31186 (Feb. 12, 1988). The petitioners argued that Sec. 11347 required the same protection for the employees of Gulf & Mississippi, but the Commission disagreed because Gulf & Mississippi was not a party participant to this proceeding. Petitioners now appeal the Commission's determination that labor protective conditions were not applicable to employees of Gulf & Mississippi.
 
 
 4
 Also on December 3, Southeastern Rail sought an exemption under Sec. 10505 from the requirements of Sec. 10901 for its acquisition of the rail line owned by Gulf & Mississippi and for its operation of the rail line. Under 49 C.F.R. 1150.31, an exemption may become effective automatically seven days after a "notice of exemption" is filed, without specific action from the Commission. Southeastern Rail's exemption for its acquisition of Gulf & Mississippi's rail line therefore became effective on December 10, 1987. No labor protective conditions were imposed by the Commission for the benefit of Gulf & Mississippi's employees because Sec. 10901, rather than Sec. 11343, was applied to the acquisition of Gulf & Mississippi's rail line by Southeastern. (Unlike transactions under Sec. 11343 where imposition of labor protective conditions is mandatory through Sec. 11347, the decision whether to impose such protective conditions in any transaction under Sec. 10901 is a matter within the Commission's discretion.) The petitioners are not currently appealing this decision of the Commission, but are requesting the Commission to revoke the exemption given to Southeastern Rail for the purpose of securing labor protection for Gulf & Mississippi employees affected by the sale of the rail line.
 
 
 5
 On appeal, the petitioners seek to vacate the Commission's decision in Finance Docket No. 31186. The petitioners contend that the Commission erred, under either of two analyses, when it failed to apply labor protective conditions for the benefit of Gulf & Mississippi employees affected by MidSouth's control of Southeastern Rail. First, binding Commission and judicial interpretations of Sec. 5(2)(f), the predecessor of Sec. 11347, made employee protective conditions available to any rail carrier employee affected by a transaction, even if the employing carrier, such as Gulf & Mississippi, was not a party to the transaction at issue. Second, the petitioners contend that the nominally separate control and acquisition transactions were inextricably entwined parts of a single transaction and that Gulf & Mississippi was a party to this unified transaction. Thus, the Commission should have imposed labor protective conditions for the benefit of all employees involved in the unified transaction, including the employees of Gulf & Mississippi.
 
 
 6
 We disagree with the petitioners' contentions. As this court noted in Crounse Corporation v. Interstate Commerce Commission, 781 F.2d 1176, 1192 (6th Cir.1986), "every court of appeals that has considered the question" has concluded that Sec. 11347 does not apply to all employees of carriers arguably "affected" by a transaction but applies only to employees of carriers that are directly involved in a transaction as applicants or parties. Southern Pacific Transportation Co. v. Interstate Commerce Commission, 736 F.2d 708, 725 (D.C.Cir.1984); Lamoille Valley Railroad Company v. Interstate Commerce Commission, 711 F.2d 295, 323-24 (D.C.Cir.1983); Missouri-Kansas-Texas Railroad Company v. United States, 632 F.2d 392, 411-12 (5th Cir.1980). Applying Crounse to this case, we conclude that the Commission did not err in failing to impose labor protective conditions for the benefit of Gulf & Mississippi's employees because Gulf & Mississippi was not an applicant or party to the control proceeding. In addition, we decline to treat Gulf & Mississippi as a "party" to the control proceeding by unifying the control and acquisition transactions into a single, unified transaction. MidSouth's continuation of control of Southeastern Rail and Southeastern Rail's acquisition of Gulf & Mississippi's rail line are two separate transactions that are governed by two different statutory provisions, Sec. 11343 and Sec. 10901. Our treatment of the control and the acquisition transactions as two separate transactions is moreover supported by the decisions of other circuits in similar cases. Railway Labor Executives' Association v. United States, 791 F.2d 994 (2nd Cir.1986); Railway Labor Executives' Association v. Interstate Commerce Commission, 819 F.2d 1173 (D.C.Cir.1987).
 
 
 7
 Accordingly, we affirm the decision of the Interstate Commerce Commission in Finance Docket No. 31186.